**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION and DANA-FARBER CANCER INSTITUTE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD.,<br><br>Defendants. | C.A. No. 21-1106-LPS |

**ANSWER AND ADDITIONAL DEFENSES OF DEFENDANTS DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES LTD.**

Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. (collectively, "DRL"), by their undersigned attorneys, respond to the Complaint ("Complaint") of Novartis Pharmaceuticals Corporation ("Novartis") and Dana-Farber Cancer Institute, Inc. ("Dana-Farber") (collectively, "Plaintiffs") as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "DRL"). This action relates to Abbreviated New Drug Application ("ANDA") No. 215921 filed by DRL with the U.S. Food and Drug Administration ("FDA") for approval to engage in the commercial manufacture, use, offer for sale, or sale of a generic version of Novartis's RYDAPT® Capsules, 25 mg, prior to the expiration of U.S. Patent No. 7,973,031 (the "'031 Patent" or "Asserted Patent").

**ANSWER**

Paragraph 1 of the Complaint contains legal conclusions to which no answer is required.

To the extent an answer is required, DRL admits that the Complaint purports to state a cause of action for patent infringement under the patent laws of the United States and that such cause of action relates to Abbreviated New Drug Application ("ANDA") No. 215921 filed by DRL with the U.S. Food and Drug Administration ("FDA"). DRL further admits that its ANDA seeks FDA approval to engage in the commercial manufacture, use, offer for sale, or sale of the drug products described therein prior to the expiration of U.S. Patent No. 7,973,031 (the "'031 Patent")..

## PARTIES

### A. Plaintiffs

2. Plaintiff Novartis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Health Plaza, East Hanover, New Jersey 07936-1080.

**ANSWER**

DRL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, on that basis, denies them.

3. Novartis is engaged in the business of creating, developing, and bringing to market revolutionary drug therapies to benefit patients against serious diseases, including treatments for leukemia and mastocytosis. RYDAPT® is one such treatment option. Novartis markets and sells RYDAPT® in this judicial district and throughout the United States.

**ANSWER**

DRL lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 3 of the Complaint and, on that basis, denies them.

4. Plaintiff Dana-Farber is a non-profit corporation organized and existing under the laws of the State of Massachusetts, having a principal place of business at 450 Brookline Avenue, Boston, Massachusetts 02215.

**ANSWER**

DRL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, on that basis, denies them.

5. Dana-Farber is a world-renowned center for patient care, research and education. Dana-Farber helps to advance this mission through, among other things, licensing intellectual property which helps to fund innovative research and treatment for cancer and other patients who have sought treatment in their hospital and other facilities.

**ANSWER**

DRL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies them.

6. Novartis and Dana-Farber own all rights in the ’031 Patent.

**ANSWER**

DRL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, on that basis, denies them.

**B. Defendant DRL**

7. Upon information and belief, Defendant Dr. Reddy’s Laboratories, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 107 College Road East, Princeton, New Jersey 08540.

**ANSWER**

DRL admits the allegations in paragraph 7 of the Complaint.

8. Upon information and belief, Defendant Dr. Reddy's Laboratories Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 8-2-377, Road No. 3, Banjara Hills, Hyderabad, 50034, India.

**ANSWER**

DRL admits the allegations in paragraph 8 of the Complaint.

9. Upon information and belief, Dr. Reddy's Laboratories, Ltd. is in the business of, among other things, developing, manufacturing, and selling generic versions of branded pharmaceutical products for the U.S. market. Upon information and belief, Dr. Reddy's Laboratories, Inc. is a wholly-owned subsidiary of Dr. Reddy's Laboratories, Ltd. and is controlled and/or dominated by Dr. Reddy's Laboratories, Ltd. Upon information and belief, Dr. Reddy's Laboratories, Inc. develops, manufactures and/or distributes generic drug products for marketing, sale, and/or use throughout the United States, including in this judicial district, at the direction, under the control, and for the benefit of Dr. Reddy's Laboratories, Ltd.

**ANSWER**

DRL admits that it sells generic drug products throughout the United States and that Dr. Reddy's Laboratories, Inc. is a subsidiary of Dr. Reddy's Laboratories Ltd. DRL denies the remaining allegations of paragraph 9 of the Complaint.

10. Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. are collectively referred to hereafter as "DRL" unless otherwise noted.

**ANSWER**

No answer to paragraph 10 of the Complaint is required because it does not contain any

allegation of fact with respect to DRL.

**DEFENDANTS' INFRINGING ACTS**

11. By a letter dated June 16, 2021, DRL notified Plaintiffs that DRL had submitted to the FDA ANDA No. 215921 for a generic version of RYDAPT® (DRL's "ANDA Product"), seeking approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of DRL's ANDA Product prior to the expiration of the '031 Patent.

**ANSWER**

DRL admits that it sent Plaintiffs a notice letter dated June 16, 2021("Notice Letter") informing them that DRL had submitted its ANDA to FDA seeking approval to commercially manufacture, use and sell DRL's ANDA product in the United States prior to the expiration of the '031 Patent. DRL denies the remaining allegations of paragraph 11 of the Complaint.

12. In its Notice Letter, DRL notified Plaintiffs that, as a part of its ANDA, DRL had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '031 Patent asserting that the '031 Patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, and sale of DRL's ANDA Product.

**ANSWER**

DRL admits that it filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '031 Patent ("Certification"). DRL refers to its Notice Letter and Certification for the true and complete contents thereof. DRL denies the remaining allegations of paragraph 12 of the Complaint.

13. Upon information and belief, and consistent with their past practices, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. acted collaboratively in the preparation and submission of ANDA No. 215921.

**ANSWER**

DRL denies the allegations in paragraph 13 of the Complaint.

14. Upon information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 215921, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. will work in concert with one another to make, use, offer to sell, and/or sell the ANDA Product throughout the United States, and/or import such generic drug product into the United States, including in this judicial district.

**ANSWER**

DRL denies the allegations in paragraph 14 of the Complaint.

15. DRL has committed an act of infringement in this judicial district by filing ANDA No. 215921 with the intent to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 215921 in this judicial district, an act of infringement that has led to foreseeable harm and injury to Novartis, a Delaware corporation, and to Dana Farber.

**ANSWER**

DRL denies the allegations in paragraph 15 of the Complaint.

16. DRL has extensive contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing

business in the State of Delaware, and intends to sell in the State of Delaware the generic product described in ANDA No. 215921 upon approval.

**ANSWER**

DRL denies the allegations in paragraph 16 of the Complaint.

17. Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. have availed themselves of the legal protections of the State of Delaware by, among other things, admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See e.g.*, *Bial-Portela & CA S.A. et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, C.A. No. 21-188 (D. Del.); *Intercept Pharm., Inc. et al. v. Dr. Reddy's Laboratories, Inc. et al.*, C.A. No. 21-35 (D. Del.); *AbbVie Inc. et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, C.A. No. 20-968 (D. Del.); *Sanofi-Aventis LLC et al. v. Actavis LLC et al.*, C.A. No. 20-804 (D. Del.); *Genzyme Corp. et al. v. Dr. Reddy's Laboratories, Inc. et al.*, C.A. No. 19-2045 (D. Del.).

**ANSWER**

DRL denies the allegations in paragraph 17 of the Complaint.

## JURISDICTION AND VENUE

18. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER**

Paragraph 18 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, DRL states that it does not contest subject matter jurisdiction or venue in this Court for purposes of this action only.

19. This Court has personal jurisdiction over DRL because, among other things, DRL has committed, or aided, abetted, contributed to, or participated in the commission of, tortious acts of patent infringement in filing its ANDA that has led to foreseeable harm and injury to Novartis, a Delaware corporation.

**ANSWER**

Paragraph 19 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, DRL states that it does not contest personal jurisdiction in this Court for purposes of this action only.

20. This Court also has personal jurisdiction over DRL because of its affiliations with the State of Delaware are so continuous and systematic as to render DRL essentially at home in this forum.

**ANSWER**

Paragraph 20 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, DRL states that it does not contest personal jurisdiction in this Court for purposes of this action only.

21. This Court also has personal jurisdiction over DRL because it has frequently availed itself of the legal protections of the State of Delaware by, among other things, admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware.

**ANSWER**

Paragraph 21 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, DRL states that it does not contest personal jurisdiction in this Court for purposes of this action only.

22. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over DRL.

**ANSWER**

Paragraph 22 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, DRL states that it does not contest personal jurisdiction in this Court for purposes of this action only.

23. Venue is proper in this Court because, among other things, DRL has committed acts of infringement in this district and has a regular and established place of business in this district. 28 U.S.C. § 1400(b). Dr. Reddy's Laboratories Ltd. is a foreign corporation not residing in any United States judicial district and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3). Moreover, DRL has litigated previous Hatch-Waxman patent infringement disputes in the District of Delaware.

**ANSWER**

Paragraph 23 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, DRL states that it does not contest venue in this Court for purposes of this action only.

**THE PATENT-IN-SUIT AND RYDAPT®**

24. On July 5, 2011, the U.S. Patent and Trademark Office duly and legally issued the '031 Patent, entitled "Staurosporine Derivatives as Inhibitors of FLT3 Receptor Tyrosine Kinase Activity." A true and correct copy of the '031 Patent is attached hereto as **Exhibit A**.

**ANSWER**

DRL admits that the U.S. Patent and Trademark Office issued the '031 Patent, entitled "Staurosporine Derivatives as Inhibitors of FLT3 Receptor Tyrosine Kinase Activity" on July 5,

2011. DRL further admits that a true and correct copy of the ’031 Patent purports to be attached to the Complaint as Exhibit A.

25. The ’031 Patent is wholly owned by Novartis and Dana-Farber, who therefore have the right to sue for and obtain equitable relief and damages for infringement of the ’031 Patent.

**ANSWER**

DRL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, on that basis, denies them.

26. Novartis is the holder of New Drug Application (“NDA”) No. 207997 by which the FDA granted approval for the commercial manufacturing, marketing, sale, and use of RYDAPT® (Midostaurin) Capsules, 25 mg. RYDAPT® is a kinase inhibitor indicated for the treatment of adult patients with acute myeloid leukemia that is FLT3 mutation-positive, in combination with chemotherapy. RYDAPT® has been approved by the FDA for such indication.

**ANSWER**

DRL admits that the Orange Book lists Novartis as the holder of New Drug Application (“NDA”) No. 207997. DRL further admits that RYDAPT® is a kinase inhibitor that has been approved by FDA for the treatment of adult patients with acute myeloid leukemia that is FLT3 mutation-positive, in combination with chemotherapy. DRL denies the remaining allegations in paragraph 26 of the Complaint.

27. Methods of using RYDAPT® to treat patients with FLT3 mutation-positive acute myeloid leukemia as indicated and prescribed in its approved label are covered by one or more claims of the ’031 Patent.

**ANSWER**

DRL denies the allegations in Paragraph 27 of the Complaint and refers to the approved label for RYDAPT® for the true and complete contents thereof.

28. The FDA's official publication of approved drugs (the "Orange Book") lists the '031 Patent in connection with RYDAPT®.

**ANSWER**

DRL admits the allegations in paragraph 28 of the Complaint.

**COUNT 1: INFRINGEMENT BY DRL OF THE '031 PATENT**

29. Plaintiffs reallege, and incorporate in full herein, each preceding paragraph.

**ANSWER**

DRL repeats and incorporates in full its responses to each of the preceding paragraphs in response to paragraph 29 of the Complaint.

30. DRL, by filing its ANDA, has necessarily represented to the FDA that, upon approval, DRL's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as RYDAPT®, and will be bioequivalent to RYDAPT®.

**ANSWER**

DRL denies the allegations in paragraph 30 of the Complaint.

31. DRL's ANDA submission seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of its ANDA Product, prior to the expiration of the '031 Patent constitutes infringement of one or more of the claims of the '031 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**

DRL denies the allegations in paragraph 31 of the Complaint.

32. Upon information and belief, DRL intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of its ANDA Product with its proposed labeling immediately and imminently upon approval of its ANDA.

**ANSWER**

DRL admits that its ANDA seeks approval to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of its ANDA Product in the United States. DRL denies the remaining allegations of paragraph 32 of the Complaint.

33. Upon information and belief, DRL's ANDA Product's proposed labeling will be substantially identical to at least the portions of the RYDAPT® label relating to the treatment of acute myeloid leukemia, and the RYDAPT® label discloses all elements of at least claim 1 of the '031 Patent. Thus, upon information and belief, DRL's ANDA Product labeling will disclose all elements of at least claim 1 of the '031 Patent.

**ANSWER**

DRL denies the allegations in paragraph 33 of the Complaint.

34. The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of DRL's ANDA Product would infringe one or more claims of the '031 Patent.

**ANSWER**

DRL denies the allegations in paragraph 34 of the Complaint.

35. Upon information and belief, use of DRL's ANDA Product in accordance with and as directed by its proposed labeling for each ANDA Product constitutes and/or will constitute infringement of one or more claims of the '031 Patent; active inducement of the

infringement of the ’031 Patent; and contribution to the infringement of the ’031 Patent under 35 U.S.C. §§271(a)- (c).

**ANSWER**

DRL denies the allegations in paragraph 35 of the Complaint.

36. Upon information and belief, DRL acted without a reasonable basis for believing that it would not be liable for infringing the ’031 Patent, active inducement of infringement of the ’031 Patent, and/or contribution to the infringement by others of the ’031 Patent.

**ANSWER**

DRL denies the allegations in paragraph 36 of the Complaint.

37. If DRL’s infringement of the ’031 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**ANSWER**

DRL denies the allegations in paragraph 37 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

DRL denies that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief.

## ADDITIONAL DEFENSES

DRL asserts the following additional defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest with Plaintiffs:

### FIRST ADDITIONAL DEFENSE
### (Non-infringement of the ’031 Patent)

DRL has not infringed and will not infringe any valid claim of the ’031 Patent.

**SECOND ADDITIONAL DEFENSE**
**(Invalidity of the ’031 Patent)**

Each and every claim of the ’031 Patent is invalid for failure to comply with 35 U.S.C. § 103 for the reasons set forth in DRL’s Notice Letter.

**THIRD ADDITIONAL DEFENSE**
**(Failure to State a Claim)**

Plaintiffs’ Complaint fails to state a claim upon which relief can be granted.

**RESERVATION OF ADDITIONAL DEFENSES**

DRL reserves the right to add additional defenses pending further investigation and discovery.

**PRAYER FOR RELIEF**

**WHEREFORE,** DRL respectfully requests that this Court enter judgment in its favor and against Plaintiffs as follows:

A. Dismissing the Complaint with prejudice and denying each and every Request for Relief contained therein;

B. Awarding DRL its costs and expenses in this action;

D. Declaring that this case is exceptional under 35 U.S.C. § 285, and awarding to DRL its reasonable attorney’s fees; and

E. Awarding to DRL such further relief this Court may deem just, proper, or equitable.

Dated: September 3, 2021

SMITH, KATZENSTEIN & JENKINS LLP

/s/ Eve H. Ormerod

Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Defendants*
*Dr. Reddy's Laboratories, Ltd. and*
*Dr. Reddy's Laboratories, Inc.*

OF COUNSEL:

Constance S. Huttner
Beth C. Finkelstein
Windels Marx Lane & Mittendorf, LLP
1 Giralda Farms
Madison, NJ 07940
973-966-3200
chuttner@windelsmarx.com
bfinelstein@windelsmarx.com